Not for Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

COREY LANE,

    *Plaintiff*,

v.

STATE OF NEW JERSEY, MICHELLE M. SMITH, in her individual capacity, and BERGEN COUNTY SUPERIOR COURT,

    *Defendants*.

Civil Action No. 22-4241

**OPINION**

**John Michael Vazquez, U.S.D.J.**

    In this matter, *pro se* Plaintiff Corey Lane alleges that Defendants violated his civil rights during eviction proceedings. Currently pending before the Court is Defendants' motion to dismiss the Complaint. D.E. 8. Plaintiff filed a brief in opposition to the motion, D.E. 8, to which Defendants replied, D.E. 10. The Court reviewed the parties' submissions,[1] and decided the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons set forth below, Defendants' motion is **GRANTED**.

    **I.**    **BACKGROUND**

    Plaintiff alleges that after non-party Pennymac Loan Service, LLC ("Pennymac") foreclosed upon his home, Plaintiff continued to reside in the house as a tenant.[2] Compl. ¶¶ 7, 13.

---

[1] The Court refers to Defendants' brief in support of their motion as "Defs. Br." (D.E. 8-1); Plaintiff's opposition as "Plf. Opp." (D.E. 9); and Defendants' reply as "Def. Reply" (D.E. 10).

[2] When reviewing a motion to dismiss for failure to state a claim, a court accepts as true all well-pleaded facts in the Complaint. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). In addition, when a party attacks a court's "subject matter jurisdiction without disputing the facts

Pennymac initiated eviction proceedings against Plaintiff by applying for a Writ of Possession in Bergen County Superior Court. On April 27, 2022, Plaintiff was evicted by the Bergen County Sheriff's Department, with an allegedly improper order from the Bergen County Superior Court. *Id.* ¶ 23. Moreover, Plaintiff contends that he was never provided notice of the eviction proceedings. *Id.* ¶¶ 7-8.

Plaintiff filed his Complaint on June 23, 2022, asserting claims pursuant to 42 U.S.C. § 1983 and the New Jersey Civil Rights Act ("NJCRA"). D.E. 1. Plaintiff alleges that Defendants the State of New Jersey (the "State"); Michelle M. Smith, in her individual capacity; and the Bergen County Superior Court ("BCSC") violated his constitutional rights because Plaintiff was not provided with notice of the eviction proceedings. Plaintiff seeks monetary damages from all Defendants and injunctive relief as to the State and BCSC. Compl. ¶¶ 31, 67-69. Defendants subsequently filed the instant motion, seeking to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

II. **STANDARDS OF REVIEW**

A. **Rule 12(b)(1)**

In deciding a Rule 12(b)(1) motion for lack of subject matter jurisdiction, a court must first determine whether the party presents a facial or factual attack, because the distinction determines how the pleading is reviewed. *Elbeco Inc. v. Nat'l Ret. Fund*, 128 F. Supp. 3d 849, 854 (E.D. Pa. 2015) (internal quotation marks and citation omitted). A facial attack "contests the sufficiency of the complaint because of a defect on its face," whereas a factual attack "asserts that the factual

---

alleged in the complaint, and it requires the court to 'consider the allegations of the complaint as true.'" *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016). (quoting *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006)). Therefore, the Court takes the factual background from Plaintiff's Complaint. D.E. 1.

underpinnings of the basis for jurisdiction fails to comport with the jurisdictional prerequisites." *Id*. Here, Defendants assert the defense of sovereign immunity under the Eleventh Amendment based on the pleadings. thereby raising a facial attack.[3] *See Perez v. New Jersey*, No. 14-4610, 2015 WL 4394229, at *3 (D.N.J. July 15, 2015) ("[T]he State Defendants' motion asserts the defense of sovereign immunity based on the facts as pleaded in the Second Amended Complaint and is thus a facial attack."). Accordingly, "the Court must consider the allegations of the complaint as true," much like a Rule 12(b)(6) motion to dismiss. *Bd. of Trs. of Trucking Emps of N. Jersey Welfare Fund, Inc. v. Caliber Auto Transfer, Inc.*, No. 09-6447, 2010 WL 2521091, at *8 (D.N.J. June 11, 2010) (quoting *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 (3d Cir. 2006)).

**B. Rule 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a complaint that fails "to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). For a complaint to survive dismissal under Rule 12(b)(6), it must contain enough factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Further, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016). In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203,

---

[3] While Defendants raise their Eleventh Amendment sovereign immunity defense under Rule 12(b)(1), they recognize that an Eleventh Amendment sovereign immunity defense may be analyzed under either Rule 12(b)(1) or Rule 12(b)(6). *See* Defs. Br. at 5 n.3 (citing *Carter v. City of Philadelphia*, 181 F.3d 339, 343 (3d Cir. 1999)).

210-211 (3d Cir. 2009). Restatements of the elements of a claim are legal conclusions, and therefore, are not entitled to a presumption of truth. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011) (citation omitted). The Court, however, "must accept all of the complaint's well-pleaded facts as true." *Fowler*, 578 F.3d at 210.

Because Plaintiff is proceeding *pro se*, the Court construes the pleadings liberally and holds them to a less stringent standard than papers filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court, however, need not "credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

### III.     ANALYSIS

Plaintiff's claims arise under 42 U.S.C. § 1983 and the NJCRA. Section 1983 does not provide substantive rights; rather, Section 1983 provides a vehicle for vindicating violations of other federal rights. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (citation omitted). To state a Section 1983 claim, a plaintiff must demonstrate that (1) a person deprived her of a right secured by the Constitution or federal law; and (2) the person who deprived her of that right acted under color of state law. *Velez v. Fuentes*, No. 15-6939, 2016 WL 4107689, at *2 (D.N.J. July 29, 2016) (citation omitted).

The NJCRA provides a private cause of action to

> [a]ny person who has been deprived of any substantive due process or equal protection rights, privileges or immunities secured by the Constitution or laws of the United States, or any substantive rights, privileges or immunities secured by the Constitution or laws of this State, or whose exercise or enjoyment of those substantive rights, privileges or immunities has been interfered with or attempted to be interfered with, by threats, intimidation or coercion by a person acting under color of law, may bring a civil action for damages and for injunctive or other appropriate relief.

N.J. Stat. Ann. § 10:6-2.  The "NJCRA was modeled after § 1983, [so] courts in New Jersey have consistently looked at claims under the NJCRA through the lens of § 1983 and have repeatedly construed the NJCRA in terms nearly identical to its federal counterpart."  *Velez*, 2016 WL 4107689, at *5 (internal quotations and citation omitted).  Therefore, the Court considers Plaintiff's Section 1983 and NJCRA claims together.

### A. Sovereign Immunity

Defendants argue that they have sovereign immunity under the Eleventh Amendment, such that the Complaint should be dismissed for lack of subject matter jurisdiction.  *See* Def. Br. at 7-10.  Plaintiff counters that the Eleventh Amendment does not "trump" the Fourteenth Amendment.  Plf. Opp. at 3.

The Eleventh Amendment provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another state, or by Citizens or Subjects of any Foreign State."  U.S. Const. amend. XI.  The United States Supreme Court has interpreted the Eleventh Amendment as affirming "the fundamental principle of sovereign immunity" as a limit on a federal court's judicial authority.  *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98 (1984).

Due to sovereign immunity, a federal court generally does not have jurisdiction over suits against "a state or state agency from a suit brought in federal court by one of its own citizens regardless of the relief sought, unless Congress specifically abrogates the state's immunity or the state waives its own immunity."  *Thorpe v. New Jersey*, 246 F. App'x 86, 87 (3d Cir. 2007) (citations omitted).  Accordingly, the Eleventh Amendment bars all private suits against non-consenting States in federal court.  *Lombardo v. Pa., Dep't of Pub. Welfare*, 540 F.3d 190, 194 (3d Cir. 2008) (citation omitted).  There are three exceptions to a state's sovereign immunity: (1)

5

congressional abrogation, (2) state waiver, and (3) suits against individual state officers for prospective relief to an ongoing violation of federal law. *See MCI Telecomm. Corp. v. Bell Atl.-Pa.*, 271 F.3d 491, 503 (3d Cir. 2001).

Here, Plaintiff asserts claims against the State, BCSC, and Smith in her individual capacity. The State and the Court are both State entities. *See Dongon v. Banar*, 363 F. App'x 153, 156 (3d Cir. 2010) (concluding that "the state court, its employees, and the judges are entitled to immunity under the Eleventh Amendment because they are part of the judicial branch of the state of New Jersey, and therefore considered 'arms' of the state"). Moreover, Plaintiff does not raise or analyze any of the sovereign immunity exceptions and the Court is not aware of any basis to apply any of the exceptions. In fact, the Supreme Court has explicitly stated that Section 1983 does not override a state's Eleventh Amendment sovereign immunity. *Quern v. Jordan*, 440 U.S. 332, 345 (1979). Therefore, the Complaint is dismissed as to the State and BCSC on sovereign immunity grounds.[4]

Turning to Defendant Smith, Defendants argue that although Plaintiff pleads that he is asserting claims against Smith in her individual capacity, Plaintiff's claims against Smith are really official capacity claims. Def. Br. at 10. Defendants explain that because Plaintiff pleads that Smith acted within the scope of her duties, Plaintiff asserts an official capacity claim. *Id.* (quoting

---

[4] In addition, "[t]o state a claim under [42 U.S.C.] § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by *a person* acting under the color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (emphasis added). Neither a state nor entity that is an arm of the state for Eleventh Amendment purposes qualify as a "person" under Section 1983 or the New Jersey Civil Rights Act ("NJCRA"). *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983."); *N.J. Chinese Cmty. Ctr. v. McAleer*, No. 21-8320, 2022 WL 3403297, at *7 (D.N.J. Aug. 15, 2022) (citation omitted) ("[B]ecause a state is not a 'person' within the meaning of section 1983 . . . it follows that the State of New Jersey cannot be held liable as a 'person' under any of these sections of the Civil Rights Act."). Thus, Plaintiff's Section 1983 and NJCRA claims against the State and BCSC are also dismissed for this additional reason.

Compl. ¶ 4). A plaintiff may assert Section 1983 claims against a state actor in her personal capacity. "Personal-capacity suits . . . seek to impose individual liability upon a government officer for actions taken under color of state law." *Adams v. N.J.D.O.C.*, No. 21-12482, 2022 WL 1442174, at *3 (D.N.J. May 5, 2022) (quoting *Hafer v. Melo*, 502 U.S. 21, 25 (1991)). Thus, personal capacity Section 1983 claims frequently involve conduct taken within the scope of the individual's authority. *See Hanani v. N.J.D.E.P.*, 205 F. App'x 71, 79 (3d Cir. 2006) ("The Eleventh Amendment does not bar such [individual capacity] suits, nor are state officers absolutely immune from personal liability under Section 1983 solely by virtue of the 'official' nature of their acts."). Consequently, Plaintiff's allegation that Smith was acting within the scope of her authority is not enough to construe Plaintiff's claims against her as official capacity claims. Defendants' motion is denied on these grounds.

### B. Quasi-Judicial Immunity

Defendants argue that if the Court construes Plaintiff's claims against Smith as personal capacity claims, they are barred under the doctrine of quasi-judicial immunity. Defs. Br. at 13-15. Judicial immunity grants judges "absolute immunity from claims for damages arising out of the performance of their judicial duties." *Savadjian v. Caride*, No. 18-16381, 2019 WL 6975102, at *2 (D.N.J. Dec. 20, 2019) (citing *Stump v. Sparkman,* 435 U.S. 349, 355-56 (1978)). "Absolute judicial immunity also extends to nonjudicial officers for claims relating to the exercise of judicial functions." *Id.* (citing *Butz v. Economou*, 438 U.S. 478, 512-13 (1978)). "Specifically, 'quasi-judicial' absolute immunity may extend to individuals tasked with performing functions that are judicial in nature." *Id.*

To determine if an individual was performing a quasi-judicial role, courts "take a 'functional' approach to immunity." *Russell v. Richardson*, 905 F.3d 239, 244 (3d Cir. 2018)

7

(quoting *Forrester v. White*, 484 U.S. 219, 224 (1988)). To do so, courts "examine the nature of the functions . . . which . . . has been lawfully entrusted," and "evaluate the effect that exposure to particular forms of liability would likely have on the appropriate exercise of those functions." *Id.* When applying this functional approach, district courts in this Circuit repeatedly conclude that claims against a clerk of a court, such as Smith, that involve conduct during legal proceedings are barred by quasi-judicial immunity. *See, e.g.*, *Timm v. New Jersey,* No. 18-9769, 2022 WL 1291525, at *2, 5 (D.N.J. Apr. 29, 2022) (concluding that allegations that Smith authorized the fabrication and filing of a writ of possession were barred by quasi-judicial immunity); *Luft v. Clerk of the Super. Ct. of N.J.*, No. 19-967857, 2020 WL 967857, at *1, 6 (D.N.J. Feb. 28, 2020) (explaining that Smith was entitled to quasi-judicial immunity for claims alleging that she filed fabricated documents and improperly issued a writ of execution); *Nemeth v. Office of the Clerk of N.J. Super. Ct.*, No. 19-16809, 2020 WL 2537754, at *8 (D.N.J. May 19, 2020) (stating that Smith was entitled to quasi-judicial immunity because "[t]he crux of Plaintiff's complaint is conduct that occurred during the course of the foreclosure litigation").

Plaintiff's claims against Smith involve activities that are an integral part of the judicial process. Plaintiff alleges that Smith is the Deputy Law Clerk for the BCSC. Compl. ¶ 4. Moreover, Plaintiff's allegations as to Smith involve her alleged improper conduct during the eviction proceedings. *See, e.g.*, Compl. ¶ 8 (failing to give Plaintiff notice of the proceedings), ¶ 13 (failing to stop Pennymac's attorney from naming Pennymac as the sole plaintiff in eviction suit).

Accordingly, Plaintiff's claims against Smith are dismissed pursuant to the doctrine of quasi-judicial immunity.

### C. Dismissal with Prejudice

Defendants contend that the Court should dismiss Plaintiff's claims with prejudice because they are barred by sovereign immunity and quasi-judicial immunity, such that Plaintiff cannot sufficiently replead his claims. Defs. Br. at 20. "A dismissal with prejudice operates as an adjudication on the merits and typically prevents the plaintiff from subsequently litigating his claims in either the original or any other forum." *Papera v. Pa. Quarried Bluestone Co.*, 948 F.3d 607, 610-11 (3d Cir. 2020) (internal quotation omitted). A dismissal without prejudice, in contrast, "does not operate as an adjudication upon the merits," therefore, has no preclusive effect. *Id.* Because the Court dismisses the Complaint based on sovereign and quasi-judicial immunity, there has been no adjudication on the merits. Accordingly, the Court will dismiss Plaintiff's Complaint without prejudice. *See Hicks v. N.J.D.O.C.*, No. 16-927, 2017 WL 168917, at *4 (D.N.J. Jan. 17, 2017) (explaining that dismissal on sovereign immunity grounds was without prejudice). But given Plaintiff's claims, the Court agrees that Plaintiff cannot plead new facts to avoid sovereign or quasi-judicial immunity as to the named Defendants. As a result, the Court will not provide Plaintiff with leave to file an amended complaint.

### IV.  Conclusion

For the reasons stated above, Defendants' motion to dismiss, D.E. 8, is **GRANTED**. An appropriate Order accompanies this Opinion.

Dated: January 19, 2023

_____<br>
John Michael Vazquez, U.S.D.J.